IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SARAH C. SMITH                                                                                PLAINTIFF

                      v.                         Civil No. 03-5277

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                DEFENDANT

## **MEMORANDUM AND ORDER**

Plaintiff, Sarah Smith, appealed to this Court from the denial of disability insurance benefits (hereinafter "DIB"), and supplemental security income benefits (hereinafter "SSI"), by the Commissioner of the Social Security Administration (hereinafter "Commissioner"). On January 21, 2005, the undersigned remanded this matter to the Commissioner pursuant to **sentence six,** *42 U.S.C. § 405(g),* for the consideration of the additional medical evidence submitted (Doc. #12 & 13).

Plaintiff's attorney, David Harp, filed a Motion For An Award of Attorney Fees Under *The Equal Access to Justice Act* (hereinafter the "*EAJA*"), on July 26, 2005 (Doc. #14). The Commissioner responded on August 8, 2005 (Doc. #15), stating:

> Plaintiff's request for attorney fees under the EAJA is improper as there has been no final Judgment issued in the case. ...In accordance with established jurisprudence regarding "sentence six" remands, no final Judgment was entered by the Court and the Court retained jurisdiction.
>
> Section 2412(d)(1)(B) of EAJA specifically states:
>
>> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection...

* * *

> With a sentence six remand, judgment is not entered until after post-remand agency proceedings have been completed and their results filed with the court.

(Doc. 15, pp. 1-2). We agree.

Sentence-six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the Complaint, or where new, material evidence is adduced that was for good cause not presented before the agency. See *§ 405(g)* (sentence six). See also, *Melkonyan v. Sullivan, 501 U.S. 89, 99-100, and n. 2, 111 S.Ct. 2157, 2163-2164, and n. 2 (1991); cf. Sullivan v. Finkelstein, 496 U.S. 617, 626, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990).* As has been stated, in sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Commissioner returns to court, the court enters a final judgment, and the appeal period runs. See *Shalala v. Schaefer, 509 U.S. 292, 113 S.Ct. 2625 (1993).*

Accordingly, the plaintiff's Motion For An Award of Attorney Fees Under *The Equal Access to Justice Act* (Doc. #14), is hereby denied.

ENTERED this 3rd day of October, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)